IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

DR. ALLAN L. BERGANO, D.D.S., P.C., et al.,

        **Plaintiffs,**

v.

                                          Civil No. 2:15cv520

**CITY OF VIRGINIA BEACH, et al.,**

        **Defendants.**

## DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO AMEND

NOW COME Defendants, the City of Virginia Beach, Gail E. Salmons, and Phillip A. Davenport (collectively "Defendants"), by counsel, and for their Opposition to Plaintiffs' Motion for Leave to Amend state as follows:

## Background

Plaintiffs filed their initial Complaint against the Defendants on December 1, 2015. On December 31, 2015, the Defendants filed a timely Motion to Dismiss for failure to state a claim on all counts in the initial Complaint. Rather than oppose the Defendants' Motion to Dismiss, the Plaintiffs filed an Amended Complaint on January 11, 2016, which modified the original Complaint in an effort to address the issues in the original Complaint that were identified in the Defendants' Motion to Dismiss the original Complaint. In response to the Amended Complaint, the Defendants again moved to dismiss the Amended Complaint in its entirety for failure to state a claim on January 25, 2016.

After full briefing on the Defendants' Motion to Dismiss the Amended Complaint, the Court heard oral argument on the Defendants' Motion to Dismiss the Amended Complaint on April 7, 2016. Now, following arguments raised in the Defendants' motion and at the April 7

1

hearing, Plaintiffs seek leave to file a second amended complaint. This time, as with their first Amended Complaint, the Plaintiffs seek to address arguments raised in the Defendants' Motion to Dismiss the Amended Complaint. For all the reasons that follow, the Defendants ask the Court to overrule the Plaintiffs' motion for leave to file a second amended complaint.

<u>Dr. Bergano's APA Claim is Futile</u>

"Leave to amend a complaint will be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Moore v. HorrorHound LTD, LLC, 20155 U.S. Dist. LEXIS 114103, *11 (E.D.Va 2015)(quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986)). Plaintiffs' proposed second amended complaint seeks to add an additional count under the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.* ("APA"). Under the APA, judicial review is only available once there has been a final agency action. See 5 U.S.C. § 704. The record before the court, even taking all inferences in the Plaintiffs' favor, demonstrates that Dr. Bergano's attempt to assert a claim under the APA is untimely and not pursuant to a final agency action of the City of Virginia Beach (the "City"). Therefore, the proposed second amended complaint would be futile and leave to amend should be denied.

The Plaintiffs' proposed APA claim is based upon the City's letter of August 20, 2015, (ECF No. 10-6) to Dr. Bergano stating that he was not a displaced person and therefore not entitled to relocation benefits under the Uniform Relocation Act (the "Act")(42 U.S.C. § 4601, *et seq.*). Dr. Bergano simply ignores that this letter in and of itself is not a final agency action under the facts set forth in the record before the court. Dr. Bergano acknowledges in both his Complaint and Amended Complaint that he was provided with the City's business relocation assistance brochure (the "Brochure"). See (ECF Nos. 1-1, 10-1, 10-7, and 23-1(Exhibits A and G)). Page 7 of the Brochure sets forth the procedure for an individual to appeal the City's

decision with regards to eligibility for relocation assistance.  Moreover, the record before the Court clearly indicates that not only was Dr. Bergano provided with this Brochure, he was fully aware of the appeals process.  The Brochure sets forth very clearly that all appeals must be made within 90 days.  This 90 day time period for appeals falls squarely within the guidance of 49 CFR 24.10, which states that the time period required for appeals "shall not be less than 60 days after the person receives written notification of the Agency's determination on the person's claim."  Under the administrative appeals process set forth by the City, Dr. Bergano would therefore have been required to appeal the August 20, 2015 decision within 90 days (November 20, 2015).

There are no facts in the original Complaint or the Amended Complaint or any inferences to be drawn from any of the documents attached and incorporated by reference that indicate Dr. Bergano ever desired to appeal the City's August 20, 2015 decision regarding his status as a displaced person, other than the fact that he immediately filed suit in federal court.

Moreover, to the extent that Dr. Bergano will argue that the appeal of the August 20, 2015 decision is incorporated by reference in the appeal set forth in the Amended Complaint (ECF No. 10-4 (Letter from Dr. Bergano re. buildout costs)) and the proposed second amended complaint (ECF No. 23-1, Exhibit D (Letter from Dr. Bergano re. buildout costs)), that process was initiated on August 12, 2015, and therefore pre-dates the August 20, 2015 decision.  Thus, it cannot possibly serve as an appeal of the City's decision on August 20, 2015, notifying Dr. Bergano that he was not a displaced person.  Because Dr. Bergano never appealed the August 20, 2015 decision regarding his relocation eligibility status, the City was never afforded the opportunity to issue final agency action on his claim of being a displaced person under the URA.  It is well settled that final agency action is a necessary predicate to judicial review under the

APA.  Accordingly, since there is no final agency action under the facts in the case at bar, there is nothing subject to judicial review under the APA.

Beyond the futility of Dr. Bergano's APA claim because it is untimely, the futility of Dr. Bergano's APA claim is demonstrated in the way he has strategically selected what causes of action to pursue in the original Complaint and First Amended Complaint.  Dr. Bergano has demonstrated a pattern of making formal claims against the City, waiting for the City to assert its defenses to said claims, and then seeking to transform the legal basis for his claims entirely in response thereto.  This is the second such time that Dr. Bergano is seeking to amend in this regard.

It is clear that Dr. Bergano was aware of the APA and the need to make such a claim from the initiation of the lawsuit.  In Dr. Bergano's original complaint, he states in paragraph 4, "Dr. Bergano seeks review of the Defendants' final determination of Dr. Bergano's entitlement to relocation benefits pursuant to 5 U.S.C. § 704."  (ECF No. 1, p. 2).  When the Defendants moved to dismiss Dr. Bergano's original Complaint, the Defendants argued, *inter alia*, the URA does not provide for a right of action under 42 U.S.C. § 1983.  See (ECF No. 6, p. 13 (citing Clear Sky Car Wash LLC, 743 F.3d at 444 (considering 42 U.S.C. §§ 4651 and 4655))).  In Clear Sky the Court explicitly states that claims related to relocation reimbursement under 42 U.S.C. § 4622 of the URA should be made pursuant to the APA rather than under 42 U.S.C § 1983.

Nevertheless, when Dr. Bergano filed his Amended Complaint, all references to 5 U.S.C. § 704 or the APA were removed and no longer referenced in the Amended Complaint.  Moreover, there was absolutely no mention of the APA or a potential APA claim in the Plaintiffs' opposition to the Defendants' Motion to Dismiss the Amended Complaint.  See (ECF No. 15).  The fact that all references to the APA or 5 U.S.C. § 704 were thereafter purposely

4

removed and not included among the claims in the first Amended Complaint, despite Dr. Bergano's having been put on notice by the Defendants of the necessity to make such a claim, demonstrates that Dr. Bergano was well aware that he had no basis to make such a claim for all the reasons set forth above. This conscious, strategic decision by Dr. Bergano to remove the APA claim in the Amended Complaint further evidences the futility of the APA claim in the proposed second amended complaint.

## CONCLUSION

For the foregoing reasons, the Defendants, the City of Virginia Beach, Gail E. Salmons, and Philip A. Davenport, by counsel, respectfully request that this Honorable Court overrule Plaintiffs' Motion for Leave to File Amended Complaint with prejudice and provide such other and further relief as the Court deems appropriate.

                                        CITY OF VIRGINIA BEACH, GAIL E.
                                        SALMONS, and PHILIP A. DAVENPORT

                                        By: _____/s_____
                                                Of Counsel

Mark D. Stiles (VSB No. 30683)
City Attorney
Christopher S. Boynton (VSB No. 38501)
Deputy City Attorney
Michael A. Beverly (VSB No. 70805)
Associate City Attorney
Office of the City Attorney
Municipal Center, Building One
2401 Courthouse Drive
Virginia Beach, Virginia 23456
(757) 385-4531 (Office)
(757) 385-5687 (Facsimile)
mstiles@vbgov.com
cboynton@vbgov.com
mbeverly@vbgov.com

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 27th day of April, 2016, I will electronically file the foregoing with the Clerk of the Court using the CM/EFC system, which will then send a notification of such filing (NEF) to the following:

                Joseph T. Waldo, Esq.,
                WALDO & LYLE, P.C.
                301 W. Freemason Street
                Norfolk, Virginia 23510.

                                                    _____/s_____
                                                           Michael A. Beverly

Mark D. Stiles (VSB No. 30683)
City Attorney
Christopher S. Boynton (VSB No. 38501)
Deputy City Attorney
Michael A. Beverly (VSB No. 70805)
Associate City Attorney
Office of the City Attorney
Municipal Center, Building One
2401 Courthouse Drive
Virginia Beach, Virginia 23456
(757) 385-4531 (Office)
(757) 385-5687 (Facsimile)
mbeverly@vbgov.com